UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS H. STABB, JR.,

    Plaintiff,

v.      Case No: 6:25-cv-367-JSS-UAM

OSCEOLA COUNTY SHERIFF'S OFFICE,

    Defendant.
_____/

## ORDER

Plaintiff, a prisoner proceeding pro se, initiated this action against the Osceola County Sheriff's Office. (Dkt. 1.) For the reasons outlined below, the court dismisses the complaint for failure to state a claim.

## BACKGROUND

Plaintiff initiated this case against the Osceola County Sheriff's Office by filing a complaint on the 42 U.S.C. § 1983 complaint form. (Dkt. 1.) Plaintiff alleges that from January 7, 2024, through March 14, 2024, he "was calling to register as level 1 sex offender with no call back or any information to go about registering." (*Id.* at 5.) He claims that this caused "stress, emotional [and] mental anguish[,] and loss of wages," and seeks "$600 million for all damages." (*Id.*)

## APPLICABLE STANDARDS

The court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court must "dismiss the complaint, or any portion of the complaint, if" it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "To state a claim under section 1983, [a complaint] must allege that an act or omission, committed by a person acting under color of state law, deprived [the plaintiff] of a

right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024).

## ANALYSIS

Plaintiff has sued the Osceola County Sheriff's Office. (*See* Dkt. 1.) However, the Osceola County Sherriff's Office is not a legal entity subject to suit under Florida law. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." (quotation omitted)); *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." (quotation omitted)). Accordingly, Plaintiff's claim against the Osceola County Sherriff's Office must be dismissed. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against [the Monroe County Sheriff's Office] because [it] is not a legal entity with the capacity to be sued under Florida law.")

## CONCLUSION

Accordingly:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28

U.S.C. § 1915A for failure to state a claim. If Plaintiff wishes to bring his claim against a proper defendant, he must file a new complaint with a new case number.

2. The Clerk is **DIRECTED** to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on March 10, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party